UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DALANA DASHA DALCOURT on behalf of her minor daughter SKYE DASHAWN BATISTE | CIVIL ACTION NO.: _____ |
| Versus | JUDGE _____ |
| DANNY SMITH ENTERPRISES LLC, DANNY SMITH, LAFAYETTE PARISH CONSOLIDATED GOVERNMENT, LAFAYETTE POLICE DEPARTMENT, POLICE CHIEF THOMAS GROVER, SR., LAFAYETTE PARISH MAYOR PRESIDENT JOSH GUILLORY, and XYZ POLICE OFFICER | MAG. JUDGE _____ |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446, and for the sole purpose of removing this matter to the United States District Court for the Western District of Louisiana, Defendant, Lafayette Parish Mayor President Josh Guillory ("Defendant" or "Josh Guillory"), states as follows:

## I. Background and Procedural Requirements

1. Josh Guillory is a Defendant in the matter captioned *"Dalana Dasha Dalcourt, et al v. District, et al"* originally filed in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, under Docket No. C-20224172 Division "C" (the "State Court Action"). (See Exhibit A, Pg. 5,27.)

2. Plaintiff filed a Petition for Damages (the "Petition") in the State Court Action on August 8, 2022 (Exhibit A, Pg. 5).

3. This Notice of Removal is timely filed as it is being filed within thirty days after Defendant, Josh Guillory's receipt of the Petition setting forth the claims for relief and within thirty days of notice as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

4. Pursuant to 28 U.S.C. § 1446(a), Defendant, Josh Guillory, attaches hereto as Exhibit "A" a copy of all process, pleadings and orders received in the State Court Action. (a certified copy of the entire state court record has been included).

## II. Complete Diversity Exists

5. Plaintiff alleges to be a resident of and domiciliary of the State of Texas. (See Exhibit A, Pg. 5)

6. No properly joined Defendant in this action is a citizen of the State of Texas, and all Defendants are completely diverse from Plaintiff.

7. Defendant, Josh Guillory, is a resident and domiciliary of Lafayette, Louisiana, with his alleged address for service at 700 St. John Street, Lafayette, Louisiana 70506. (See Exhibit A, Pg. 5, 27). Defendant, Josh Guillory was sued in his official capacity as a Mayor-President, a municipal official of Lafayette Consolidated Government. It is well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Lafayette Consolidated Government is located at 795 West University Avenue, Lafayette, Louisiana 70506. (See Exhibit A, Pg. 5, 27; Exhibit B).

8. Defendant, Lafayette Consolidated Government, erroneously referred to as "Lafayette Parish Consolidated Government" is a municipal corporation and administrative division of the State of Louisiana for the Parish of Lafayette, with its headquarters at 795 West University Avenue, Lafayette, Louisiana 70506. (See Exhibit A, Pg. 5, 27; Exhibit B).

9. Defendant, Police Chief Thomas Glover, Sr., was sued in his official capacity as the Lafayette Chief of Police, a municipal official of Lafayette Consolidated Government, with his

address for service alleged at 900 East University Avenue, Lafayette, Louisiana, 70501. (See Exhibit A, Pg. 5, 27; Exhibit C). It is well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Lafayette Consolidated Government is located at 795 West University Avenue, Lafayette, Louisiana 70506. (See Exhibit A, Pg. 5, 27; Exhibit B).

10. Defendant, Lafayette Police Department, is a subdivision of Lafayette Consolidated Government and thus a fictious entity which should be disregarded for the purposes of removal pursuant to 28 U.S.C. § 1441(b)(1). Lafayette Consolidated Government is located at 795 West University Avenue, Lafayette, Louisiana 70506. (See Exhibit A, Pg. 5, 27; Exhibit B).

11. XYZ Police Officer is a fictious entity and should be disregarded for the purposes of removal pursuant to 28 U.S.C. § 1441(b)(1).

12. Upon information and belief, Defendant, Danny Smith, is a resident and domiciliary of Lafayette, Louisiana, who resides at 308 Annunciation Street, Lafayette, Louisiana 70508. (See Exhibit A, Pg. 5, 27).

13. Upon information and belief, Defendant, Danny Smith Enterprises, LLC, is a Louisiana limited liability company, with its principal place of business located at 4607 Johnston Street, Lafayette, Louisiana, 70506. (See Exhibit A, Pg. 5, 27).

14. Complete diversity exists between Plaintiff and Defendants. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

### III. Amount in Controversy

15. Plaintiff's Petitions seek a monetary judgment against Defendants, but it does not plead a specific sum demanded or amount in controversy.

16. Louisiana Code of Civil Procedure Art. 893(A)(1) prohibits the inclusion of a specific monetary amount of damages "in the allegations or prayer for relief of any original, amended, or incidental demand."[1] Further, LA. C.C.P. Art. 893(A)(2) provides that where a petition is filed in violation of LA. C.C.P. Art. 893, "the claim for a specific monetary amount of damages shall be stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition."

17. Pursuant to 28 U.S.C. §1446(c)(2), Defendant asserts that, upon information and belief, in the event of liability (which is expressly denied) the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. In the Petition, Plaintiff allege to have suffered past, present, and future loss of enjoyment of life; loss of future support, loss of society, loss of income wages and/or earning capacity, and general damages. (Exhibit A, Pg. 8, 15).

18. Plaintiff alleges that Defendants' actions caused her injuries. (Exhibit A, Pg. 8, 15).

19. Plaintiff generally prays for entry of judgment as to all damages occasioned by Plaintiff. (Exhibit A, Pg. 9, 16).

20. Given the extent of Plaintiff's alleged injuries and damages, Defendant respectfully submits that, upon information and belief, in the event of liability (which is expressly denied) the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] La. C.C.P. Art. 893(A)(1) specifically states, in pertinent part: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required…"

### IV. Diversity Jurisdiction

21. This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which there is complete diversity between the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[2]

### V. Venue

22. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Louisiana is the federal judicial district encompassing the 15th Judicial District Court for Lafayette Parish, State of Louisiana, where this action was originally filed, and the federal judicial district encompassing Lafayette Parish, State of Louisiana, where the actions alleged in the Petition occurred. (See Exhibit A, Pg. 5, 11, 26).

### VI. Effectuation of Removal

23. Defendant, Josh Guillory, hereby removes this action to the United States District Court for the Western District of Louisiana.

24. By filing this Notice of Removal, Defendant, Josh Guillory, expressly consents to the removal.

25. The consent to removal by Defendant, Lafayette Consolidated Government, erroneously referred to as "Lafayette Parish Consolidated Government" is attached hereto as Exhibit "B".

26. The consent to removal by Defendant, Chief of Police Thomas Glover, Sr., is attached hereto as Exhibit "C".

---

[2] Defendant's liability is expressly denied.

27. Defendant, Josh Guillory, has made diligent effort in an attempt to obtain consent to removal from Danny Smith Enterprises, LLC., and Danny Smith. However, as of the date of filing, the record contains no indication counsel has been appointed to represent Danny Smith Enterprises, LLC., or Danny Smith or that notice has been served on Danny Smith Enterprises, LLC., or Danny Smith. (See Exhibit A)

28. Pursuant to 28 U.S.C § 1446(b)(2)(A), consent from Danny Smith Enterprises, LLC., or Danny Smith, is not required because these Defendants have not been properly served as of September 23, 2022.

29. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant, Josh Guillory, in connection with the State Court Action are attached hereto as Exhibit "A".

30. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

31. The undersigned counsel hereby certifies that a copy of this Notice of Removal has been served upon all counsel of record, including counsel for Plaintiff. (See Exhibit D).

32. The undersigned counsel further certifies that a Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the 15th Judicial District Court, Parish of Lafayette, State of Louisiana. (See Exhibit E).

### VII. Relief Requested

33. Defendant requests the United States District Court for the Western District of Louisiana assume jurisdiction over the above-captioned action and issue such further orders as may be necessary to bring before it all parties necessary for trial of this action.

## VIII. Reservation of Rights

34. By this Notice of Removal, Defendant does not waive any objections, defenses or affirmative defenses it may have to this action, intends no admission of fact and/or liability by virtue of this filing, and expressly reserves the right to supplement this Notice of Removal.

WHEREFORE, based upon this Honorable Court's original jurisdiction over diverse citizens, pursuant to 28 U.S.C. §1332, Defendant, Josh Guillory, respectfully requests this action proceed in this Honorable Court as an action properly removed from the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana.

Respectfully submitted,

**NEUNERPATE**

*/s/ Jason T. Reed*
**JASON REED** #28733
(jreed@neunerpate.com)
**GREGORY BEASLEY** #39407
(gbeasley@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Road, Suite 200
Lafayette, Louisiana 70503
Telephone: (337) 237-7000
Fax: (337) 233-9450
*Counsel for Defendants, Lafayette Mayor President Josh Guillory, Police Chief Thomas Grover, Sr., and Lafayette Consolidated Government.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand delivery | ☐ | Prepaid U. S. Mail |
| ☑ | Facsimile/Electronic Mail | ☐ | Federal Express |
| ☐ | Certified Mail/Return Receipt Requested | ☑ | CM/ECF |

Lafayette, Louisiana on the 23 day of September 2022.

*/s/ Jason Reed*
Counsel